UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YANG MING (AMERICA) CORP.,<br><br>       Plaintiff,<br><br> -against-<br><br>BED BATH & BEYOND INC.,<br><br>       Defendant. | 23 Civ. 3335<br><br><br>COMPLAINT |

  PLEASE TAKE NOTICE that Plaintiff, YANG MING MARINE (AMERICA) CORP. ("YANG MING"), by its attorneys, Mahoney & Keane, LLP, as and for a Complaint against Defendant, BED BATH & BEYOND INC. ("BB&B"), alleges, upon information and belief, as follows:

  1. This is a case of actual controversy within the meaning of 28 U.S.C. § 2201 for a declaration of rights and legal obligations under a maritime contract pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and the Court's admiralty and maritime and federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333.

  2. At all pertinent times, Plaintiff, YANG MING, was and is a corporation organized and existing under and by virtue of the laws of the State of New York with an office and pace of business located at One Newark Center, 1085 Raymond Boulevard, Ninth Floor, Newark, New Jersey 07102.

  3. At all pertinent times, Defendant, BB&B, was and is a corporation organized and existing under and by virtue of the laws of the State of New York with a principal place of business located at 650 Liberty Avenue, Union, New Jersey 07083.

  4. The United States District Court for the District of New York is the proper venue for this action pursuant to the Governing Law clause of the subject Service Contract.

5.   Plaintiff sues on its own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

6.   On or about May 1, 2021 through April 30, 2022 and at all pertinent times, YANG MING, identified and defined as "Carrier", and BB&B, identified and defined as "Shipper", were parties to a Service Contract for the ocean carriage of a Minimum Quantity Commitment ("MQC") of 1000 forty-foot unit equivalents ("FEUs").

7.   The Service Contract specified the reciprocal remedies available in the event either party did not maintain the MQC. Particularly, in the event of the Carrier's failure to meet the annual MQC, the Service Contract provided that the Shipper may reduce the annual MQC by the amount of the shortfall. This agreement provided no basis for pursuing money damages for such shortfalls.

8.   Nonetheless, BB&B has submitted to YANG MING a claim in the amount of $7,839,788.69 for YANG MING's alleged failure to meet the MQC, plus alleged lost profits and other consequential damages in an unspecified amount.

9.   YANG MING has responded that no such liability lies under the Service Contract.

10.  However, BB&B continues to press its claim and warn of litigation, and the matter remains unresolved and ripe for determination.

11.  By reason of the foregoing a justiciable controversy exists between YANG MING and BB&B, and YANG MING therefore seeks a declaratory judgment that no such payments are due to BB&B under the Service Contract or otherwise.

- 3 -

WHEREFORE, Plaintiff prays that judgment be entered declaring that YANG MING has not breached the subject Service Contract and owes no monetary damages to BB&B with regard to the aforesaid claim and awarding to Plaintiff attorney's fees, costs, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        April 20, 2023

                                                         MAHONEY & KEANE, LLP
                                                       Attorneys for Plaintiff

By:    s/ Garth S. Wolfson
         Edward A. Keane
         Garth S. Wolfson
         40 Worth Street, Suite 602
         New York, New York 10013
         (212) 385-1422
         File No. 12/4536